UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

---

DOLPHIN OFFSHORE PARTNERS, L.P.,

          Plaintiff,

-against-

INDUSTRIAL RESOURCES
CORPORATION and MALCOLM E.
RATLIFF,

          Defendants.

---

05 CV _____

**COMPLAINT**

Plaintiff Dolphin Offshore Partners, L.P. ("Dolphin" or "plaintiff"), by its undersigned attorneys, brings this complaint against defendants Industrial Resources Corporation ("IRC") and Malcolm E. Ratliff ("Ratliff"), and alleges as follows:

## **NATURE OF THE ACTION**

1. This is an action for breach of contract and inducement of breach of contract in violation of Tenn. Code Ann. § 47-50-109, arising from defendants' refusal to honor a 2002 agreement requiring IRC to purchase from Dolphin 373,900 shares of common stock in Tengasco Corporation ("Tengasco"). Despite IRC's undisputed obligation to purchase the Tengasco shares, IRC and Ratliff have without excuse or explanation ignored Dolphin's request that they live up to their end of the parties' bargain.

## PARTIES

2. Plaintiff Dolphin is a Delaware limited partnership with its principal place of business at 129 East 17th Street, New York, New York. Among other things, Dolphin engages in the business of investment management.

3. Defendant IRC is a Tennessee corporation with its principal place of business at 603 Main Avenue, Suite 500, Knoxville, Tennessee.

4. Defendant Ratliff is an individual domiciled in Tennessee. On information and belief, Ratliff was at all relevant times the President and sole shareholder of IRC. Until at least December 31, 2002, Ratliff was the Chief Executive Officer and member of the Board of Directors of Tengasco.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy is greater than $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because defendants are residents of this District.

## FACTUAL BACKGROUND

The Parties' Agreement

7. On August 7, 2002, Dolphin and IRC (the latter owned, directed and controlled by Ratliff) entered into an agreement regarding the purchase and sale of Tengasco common stock.

8. Dolphin and IRC subsequently entered into an amended agreement, dated October 11, 2002 (the "Agreement"), which replaced and superseded in all respects their August 7, 2002 agreement. A copy of the Agreement, signed by Ratliff on behalf of IRC, is attached hereto as Exhibit A.

9. Pursuant to the Agreement, Dolphin granted IRC an option to purchase from Dolphin up to 373,900 shares of Tengasco common stock for the price of $2.386 per share for the thirty-day duration of the option period (April 11, 2003 to May 11, 2003). (*See* Exh. A ¶ 2.a.)

10. In the event that IRC did not exercise its option in whole or part during that thirty-day period, the Agreement allowed Dolphin to require IRC to purchase any or all of the 373,900 shares of Tengasco common stock not purchased by IRC under the option for the price of $2.495 per share (the "Put"). (*See* Exh. A ¶ 2.b.) Pursuant to the Agreement, Dolphin could exercise the Put by written notice to IRC during the period May 12, 2003 to June 11, 2003. (*Id.*) The maximum price of the Put was $932,880.50 (*i.e.*, 373,900 shares of Tengasco common stock multiplied by $2.495 per share).

11. As partial security for the Put, IRC agreed to place 400,000 shares of Tengasco's common stock in escrow with Morton S. Robson, Esq. ("Robson"), then Tengasco's attorney, who would act as escrow agent. In the event that IRC did not purchase the shares subject to the Put, Dolphin was entitled to receive some or all of those escrowed shares pursuant to a formula set out in the Agreement. (*See* Exh. A at ¶ 5.)

3

## Defendants' Wrongful Conduct

12. IRC declined to exercise its option to purchase shares of Tengasco common stock from Dolphin during the option period.

13. On May 20, 2003, Dolphin timely exercised the Put by giving written notice to IRC that it was doing so. A copy of that notice is attached hereto as Exhibit B.

14. By letter dated June 5, 2003, Dolphin informed Robson in writing that it had received no response from IRC to the Put notice, and requested delivery of the appropriate number of escrowed shares of Tengasco common stock (*i.e.*, 400,000 shares). A copy of that letter is attached hereto as Exhibit C.

15. By letter dated June 9, 2003, Robson informed Ratliff of his obligation pursuant to the Agreement to deliver to Dolphin the 400,000 escrowed shares unless he (Robson) received a check or wire transfer from Ratliff or IRC for the full amount of the Put. A copy of this letter is attached hereto as Exhibit D.

16. IRC neither paid the value of the Put nor objected to Robson's proposed transfer of the 400,000 escrowed shares to Dolphin.

17. On or about June 13, 2003, Robson properly transferred to Dolphin the 400,000 escrowed shares of Tengasco common stock. A copy of the letter notifying Dolphin and IRC of Robson's satisfaction of his obligation as escrow agent is attached hereto as Exhibit E.

18.     At the time of Robson's transfer to Dolphin of the 400,000 escrowed shares of Tengasco common stock, the total value of those shares was $284,000, significantly less than the $932,880.50 owed by IRC to Dolphin under the Put.

## COUNT I: BREACH OF CONTRACT (against IRC)

19.     Plaintiff repeats and realleges the allegations set out in paragraphs 1 – 18 as though set forth fully herein.

20.     Plaintiff duly performed all of its obligations under the Agreement, and timely exercised the Put.

21.     IRC breached the Agreement by failing to purchase from Dolphin the 373,900 shares of Tengasco common stock at the price of $932,880.50 set forth in the Agreement.

22.     IRC's breach damaged plaintiff in the amount of $648,880.50 (*i.e.*, $932,880.50 minus the $284,000 value of the 400,000 escrowed shares delivered to Dolphin as partial security for the Put), exclusive of interest as allowed by law.

## COUNT II: INDUCEMENT OF BREACH OF CONTRACT (against Ratliff)

23.     Plaintiff repeats and realleges the allegations set out in paragraphs 1 – 22 as though set forth fully herein.

24.     The Agreement was an existing legal contract.

25.     Ratliff negotiated and signed the Agreement, and was aware of its existence and terms.

26. Ratliff intended to induce or procure IRC's breach of the Agreement, and acted to do so by directing IRC to breach its obligations to Dolphin under the Agreement.

27. Ratliff acted maliciously and/or to serve his own interests in inducing IRC to breach its obligations to Dolphin under the Agreement, doing so because he had other commercial disputes with Dolphin or its partners.

28. IRC breached its obligations to Dolphin under the Agreement.

29. Ratliff's actions were the proximate cause of IRC's breach of its obligations to Dolphin under the Agreement.

30. As a result of Ratliff's inducement of IRC's breach of its obligations to Dolphin under the Agreement, Dolphin has suffered damages in an amount not less than $648,880.50, exclusive of interest as allowed by law.

31. Ratliff's actions constitute a violation of Tenn. Code Ann. § 47-50-109, entitling Dolphin to treble the amount of damages suffered by it as a result of IRC's breach of its obligations to Dolphin under the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment as follows:

(i) On Count I, awarding Dolphin damages against IRC in the amount of $648,880.50, plus interest, costs and expenses incurred in this litigation and reasonable attorneys' fees to the extent allowed by law;

(ii) On Count II, awarding plaintiff damages against Ratliff in an amount not less than $1,946,641.50, plus interest, costs and expenses incurred in this litigation and reasonable attorneys' fees to the extent allowed by law; and

(iii) Such other and further relief as the Court deems just and proper.

Dated: Knoxville, Tennessee
April 29, 2005

O'NEIL, PARKER AND WILLIAMSON

By: Gary M. Prince
416 Cumberland Avenue, S.W.
P.O. Box 217
Knoxville, TN 37902
(865) 546-7190

NY 929325_1