IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DOLPHIN OFFSHORE PARTNERS, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-242 |
| ) | |
| INDUSTRIAL RESOURCES ) | |
| CORPORATION and MALCOLM E. ) | |
| RATLIFF, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Presently before the court is the motion to dismiss filed by defendant Linda Ratliff [doc. 20]. Plaintiff has filed a brief in opposition [doc. 27]. For the reasons that follow, the motion will be denied.

I.

*Background*

Plaintiff's complaint alleges breach of contract by defendant Industrial Resources Corporation ("IRC") and inducement of breach of contract by defendant Malcolm E. Ratliff.[1] The contract at issue is an October 2002 Amended Agreement ("the Agreement") between plaintiff and IRC.

---

[1] On July 18, 2005, a suggestion of death [doc. 11] was filed as to Malcolm E. Ratliff. On October 26, 2005, the court granted plaintiff's motion to substitute Linda Ratliff, executrix of Malcolm E. Ratliff's estate, as party defendant. [Doc. 19]. The use of "Ratliff" will hereinafter refer to Malcolm E. Ratliff.

The complaint identifies Ratliff as IRC's president and sole shareholder. At count II, pertaining to inducement of breach, plaintiff alleges in material part that:

> 26. Ratliff intended to induce or procure IRC's breach of the Agreement, and acted to do so by directing IRC to breach its obligations to Dolphin under the Agreement.
>
> 27. Ratliff acted maliciously and/or to serve his own interests in inducing IRC to breach its obligations to Dolphin under the Agreement, doing so because he had other commercial disputes with Dolphin or its partners.

II.

*Analysis*

The present motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which addresses the "failure to state a claim upon which relief can be granted[.]" "A Rule 12(b)(6) motion tests whether a cognizable claim has been pleaded in the complaint. Rule 8(a) sets forth the basic federal pleading requirement that a pleading 'shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting Fed. R. Civ. P. 8(a)).

"When evaluating a motion to dismiss brought pursuant to rule 12(b)(6), the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983) (internal citations omitted). "Although this standard for Rule 12(b)(6)

dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements. In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid*, 859 F.2d at 436 (internal citations and quotations omitted) (emphasis in original).

Under Tennessee law, a corporate officer is immune from claims of interference with contract unless he either: (1) acts outside the general range of his authority; or (2) acts in a manner not substantially intended to further the corporation's interests. *See Waste Conversion Sys., Inc. v. Greenstone Indus., Inc.*, 33 S.W.2d 779, 782 (Tenn. 2000) (citing *Forrester v. Stockstill*, 869 S.W.2d 328, 334-35 (Tenn. 1994)). Similarly, a parent entity is generally immune from inducement suits unless the parent acts contrary to the economic interests of its subsidiary. *See Waste Conversion Sys.*, 33 S.W.2d at 783.

The present motion argues that the complaint fails to state a claim against Ratliff because plaintiff has neither:

    1. alleged that Ratliff's actions were contrary to the interests of IRC; or

    2. alleged that Ratliff's actions were outside the scope of his employment as president of IRC; or

    3. alleged any specific facts supporting the allegation that Ratliff acted maliciously and/or to serve his own interests.

[Doc. 20]. These points are not well taken.

As to the first two arguments, the complaint's allegation that "Ratliff acted . . . to serve his own interests . . . because he had other commercial disputes with Dolphin or its partners" is at least an inferential allegation that Ratliff acted outside the scope of his employment and that his interests were contrary to those of IRC. *See Scheid*, 859 F.2d at 436 (inferential allegations are sufficient); *Waste Conversion Sys.*, 33 S.W.2d at 783 (same). As to the argument that plaintiff has not pled "any specific facts supporting its vague allegation that . . . Ratliff acted maliciously and/or to serve his own interests," the movant cites no authority requiring a heightened pleading standard in inducement cases. In *Waste Conversion Systems* (an inducement case), the court noted that "a complaint . . . need not contain in minute detail the facts that give rise to the claim[.]" Further, "[m]alice . . . may be averred generally." Fed. R. Civ. P. 9(b).

In sum, plaintiff has sufficiently pled "a short and plain statement" of its claim against Ratliff. The motion to dismiss will therefore be denied. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge

4

Case 3:05-cv-00242   Document 30   Filed 12/14/05   Page 4 of 4   PageID #: 4