IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DOLPHIN OFFSHORE PARTNERS, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:05-CV-242 |
| | ) |
| INDUSTRIAL RESOURCES CORPORATION and MALCOLM E. RATLIFF, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Now before the court is plaintiff's summary judgment motion as to defendant Malcolm E. Ratliff [doc. 47].[1] Also before the court is "Defendant Estate of Malcolm E. Ratliff's Motion to Strike all References to and any Reliance upon *Forleo v. American Products of Kentucky, Inc.*, 2006 WL 2788429 (Ky [sic] Ct. App. Sept. 29, 2006), in Plaintiffs' [sic] Reply to Defendants [sic] Response in Opposition to Plaintiff's Motion for Summary Judgment" [doc. 57]. For the reasons that follow, plaintiff's motion will be granted and defendant's motion will be denied.

---

[1] On July 18, 2005, a suggestion of death [doc. 11] was filed as to Malcolm E. Ratliff ("Mr. Ratliff"). On October 26, 2005, the court granted plaintiff's motion to substitute Linda Ratliff, executrix of Malcolm E. Ratliff's estate ("Mrs. Ratliff"), as party defendant. [Doc. 19].

I.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56(c) authorizes summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If the moving party carries its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

II.

*Background*

The facts material to plaintiff's summary judgment motion are not in dispute. Plaintiff and defendant Industrial Resources Corporation ("IRC") executed an October 2002 Amended Agreement ("the Agreement") pertaining to the purchase and sale of shares of Tengasco, Inc. common stock. Mr. Ratliff signed the Agreement as IRC's president. Plaintiff alleges that IRC breached the Agreement, resulting in damages of more than $600,000.00.

IRC is a Kentucky corporation which, as of the date of the Agreement's execution, had been administratively dissolved. IRC's corporate status was reinstated by the Kentucky Secretary of State on May 25, 2007.

III.

*Analysis*

Plaintiff argues that Mr. Ratliff's estate is liable for IRC's alleged breach, since Mr. Ratliff executed the Agreement on behalf of an administratively dissolved corporation. In response, Mrs. Ratliff contends that the estate cannot be liable due to the retroactive effect of IRC's recent reinstatement.

According to plaintiff, the Court of Appeals of Kentucky's opinion in *Forleo v. American Products of Kentucky, Inc.*, No. 2005-CA-000196-MR, 2006 WL 2788429 (Ky. Ct. App. Sept. 29, 2006), is dispositive of the issue now before this court. Conversely, Mrs. Ratliff contends that *Fairbanks Arctic Blind Co. v. Prather & Associates*, 198 S.W.3d 143 (Ky. Ct. App. 2005), controls. Mrs. Ratliff further argues that *Forleo*, as unpublished authority, may not be considered by this court.

*Fairbanks* was a breach of contract action. Therein, it was the *plaintiff* who was, as of the date of the contract's execution, administratively dissolved. The defendants argued that the contract was null and void due to the dissolution, even though the plaintiff's corporate status had since been reinstated. Interpreting Kentucky's reinstatement statute, Ky. Rev. Stat. § 271B.14-220, the *Fairbanks* court stated that "[i]n good conscience the

3

defendants, who are strangers to the dealings between plaintiff and the State, should not be allowed to take advantage of the plaintiff's default in paying its taxes to escape their own obligations to the plaintiff[.]" *Fairbanks*, 198 S.W.3d at 145 (citation and quotation omitted).

> [W]e conclude ... that [the Kentucky legislature] intended for reinstatement to restore a corporation to the same position it would have occupied had it not been dissolved and that reinstatement validates any action taken by a corporation between the time it was administratively dissolved and the date of its reinstatement.

*Id.* at 146.

Eleven months later - and without mention of *Fairbanks* - Kentucky's Court of Appeals decided *Forleo*. That case, like the one at bar, involved an administratively dissolved corporate *defendant* whose principals had continued to do business in the corporation's name but "repeatedly refused to make payment" for corporate debt. *Forleo*, 2006 WL 2788429, at *1. Even though the corporation had since been reinstated, the *Forleo* court held that the reinstatement statute "does not affect the personal liability of stockholders or officers for debts incurred in the name of the corporation after dissolution. . . . Therefore, the trial court properly held [the principals] to be personally liable for the debts incurred after dissolution." *Id.* at 1-2. Restating Kentucky's "general rule . . . that shareholders and officers are personally liable for debts made in the name of the corporation after dissolution[,]" *Forleo* cites the Kentucky statutes': (a) silence regarding personal liability; and (b)

4

prohibition against carrying on any business post-dissolution other than winding up the corporation's affairs. *Id.* at 2.

Although *Fairbanks* and *Forleo* are facially in conflict, this court concludes that *Forleo* controls the present matter. The court first notes that the dissolved corporation in *Fairbanks* was *the plaintiff*, unlike the case at bar. Far more importantly, despite *Fairbanks's* broad and general holding that "reinstatement validates any action taken" between dissolution and reinstatement, the issue of officer liability was not before that court.

Conversely, in *Forleo*, Kentucky's Court of Appeals was presented with the exact issue and fact pattern now before this court. *Forleo*, whether unpublished or not, is the best indicant of Kentucky law on this point. Lastly, despite the arguable inconsistency between the two holdings, *Fairbanks* and *Forleo* share an important common theme of holding contracting parties responsible for the bargains they make.

The undersigned rejects Mrs. Ratliff's contention that the unpublished *Forleo* decision cannot be considered by this court. Ms. Ratliff cites Rule 76.28 of the Kentucky Rules of Civil Procedure, which provides,

> Opinions that are not to be published shall not be cited or used as binding precedent in any other case *in any court of this state*; however, unpublished Kentucky appellate decisions, rendered after January 1, 2003, may be cited for consideration by the court *if there is no published opinion that would adequately address the issue before the court*.

Ky. R. Civ. P. 76.28(4)(c) (emphasis added). By its own terms, Rule 76.28 reaches only the courts of the Commonwealth of Kentucky, whereas Local Rule 7.4 *of this court* permits

5

citation of unpublished authority. Regardless, Rule 76.28(4)(c) excludes those circumstances where "there is no published opinion that would adequately address the issue before the court." As noted above, *Fairbanks* does not adequately address the issue of officer liability - because that issue was not before that court.

Defendant's motion to strike will accordingly be denied, and plaintiff's summary judgment motion will be granted. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge